Mr. Justice ThacheR
delivered the opinion of the court.
This was a writ of error to Lowndes county circuit court.
It was an issue to try the right of property seized in execution. It was objected to the verdict, that, in finding for the plaintiffs in execution, it does not find the property subject to the execution. The jury passed upon the issue between the parties, which was, whether the property was subject to the execution of the plaintiffs in the execution. In finding for those plaintiffs, they found that fact sufficiently. We think that finding in accordance with the law, and generally good.
The judgment, however, is not in keeping with the verdict. A trial of the right of property is assimilated, by the statute, after issue made, to the action of detinue. 1 H. 227, Penrice v. Cocks. After a verdict for the plaintiffs in execution, the court should have pronounced a judgment, in the alternative, for the specific property, if to be had, and if not, for its value as assessed by the jury. H. & H. 654, s. 79. This, and no more, is the proper judgment, as based^ on the verdict, that the court should render. The statute goes on to provide that in the event the property which is the subject of such verdict, should be assessed to an amount greater than sufficient to satisfy the original execution, the actual amount due on such execution shall be indorsed on the execution sued out upon the judgment against the claimant, which shall be a full satisfaction of the judgment against the claimant. This does not constitute a part of the judgment of the court, but is mandatory upon the clerk. In this instance the judgment should have reiterated the verdict in the name of each separate slave mentioned therein, and in their several values, in order to tender the alternative to the claimant to restore all or any of the slaves, or to pay the value of such as he did not deliver.
The judgment of the court below must therefore be reversed, *442 but this court, giving the judgment which the court below should have given, directs that a judgment be entered up in favor of the plaintiffs in execution, for the specific slaves, if to be had, and if not, for the separate value of all as assessed by the jury.